UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 3:04-CR-75 |
| | ) | (PHILLIPS/SHIRLEY) |
| MARLON LYNN NELSON, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or report and recommendation regarding disposition by the District Court as may be appropriate. This case is before the Court on the defendant's *pro se* letter [Doc. 154] requesting that the Court appoint him new counsel for his sentencing and defense counsel's Motion for Substitution of Counsel [Doc. 163]. In his letter, the defendant states that he is dissatisfied with his present, court-appointed counsel primarily due to lack of communication with counsel. The motion alleges that the defendant has requested new counsel "due to the deterioration of the attorney-client relationship to the point that adequate counsel can no longer be provided."

The parties appeared before the Court on July 29, 2005. Assistant United States Attorney Charles Atchley appeared for Assistant United States Attorney Hugh Ward to represent the government. Assistant Federal Defender Paula Voss appeared for the defendant, who was also present. The defendant confirmed that he no longer wanted to be represented by Ms. Voss. Ms. Voss agreed that there had been no change in the attorney-client relationship since the

1

motion for substitution was filed on July 26, 2005. The government stated that it had no objection to the defendant's request for a new attorney.

A defendant seeking to substitute counsel "must show good cause such as a conflict of interest, a complete breakdown in communication or an irreconcilable conflict with his attorney in order to warrant substitution." Wilson v. Mintzes, 761 F.2d 275, 280 (6th Cir. 1985). Based upon the filings and the parties' statements at the hearing, the Court concludes that good cause exists to allow Ms. Voss to withdraw and to appoint new counsel for the defendant. The Court finds that the communication between the defendant and Ms. Voss has completely broken down and that the trust necessary for an adequate defense no longer exists in the attorney-client relationship. Accordingly, the defendant's *pro se* request for new counsel [**Doc. 154**] and defense counsel's Motion for Substitution of Counsel [**Doc. 163**] are **GRANTED**.

Attorney John Eldridge was present in the courtroom and agreed to accept representation of the defendant. The Court substitutes and appoints Mr. Eldridge under the Civil Justice Act (CJA) as counsel of record for the defendant. Mr. Eldridge requested additional time to file objections to the Presentence Report and to prepare for the defendant's sentencing, which was set for August 8, 2005. By agreement of the parties, the sentencing hearing was rescheduled for **August 29, 2005, at 1:30 a.m.**

**IT IS SO ORDERED.**

ENTER:

   s/ C. Clifford Shirley, Jr.
United States Magistrate Judge

2