UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA | ) |
| | ) |
| v. | )  No. 3:04-CR-75-04 |
| | ) |
| MARLON NELSON | ) |

## MEMORANDUM AND ORDER

Defendant Marlon Nelson has filed a pro se motion for early termination of supervised release [Doc. 226].[1] In support of his motion, the defendant states and the record reflects that he was sentenced to a term of imprisonment of 120 months, followed by an eight-year term of supervised release [Doc. 193]. Defendant has now completed over half of his term of supervised release without any violations. Since his release from prison, the defendant has participated in drug testing without any positive results and he has complied with all other conditions of supervision. Defendant has been employed since 2013 and has had his driver's license reinstated. Defendant has accepted a position as basketball coach at a local middle school and he runs a non-profit organization to assist inner-city youth. Defendant also notes that, with the assistance of the legal process, probation, and the Midway Rehabilitation Center, he is now living a productive life. In support of his motion, defendant has provided letters of support from his non-profit

---

[1]Although the defendant requests "early release from supervised probation," the record reflects that the defendant was sentenced to and is currently serving a term of supervised release.

organization, the Midway Rehabilitation Center, and several local schools whose students benefit from his organization's programs.

The U.S. Probation Office reports that defendant began his term of supervised release on April 19, 2013, and he has now completed 50 months of a 96-month term of supervised release. The defendant has maintained a stable residence and employment throughout his term of supervision, he has paid all court-ordered financial obligations, and he has complied with all of the conditions of supervision. The Probation Office notes that defendant is the president of a non-profit organization that targets at-risk youth in the community and provides assistance in college preparation and being productive members in the community. The Probation Office notes that the defendant has a conviction for assault in 2002; however, the defendant has not had any non-compliance issues while on supervision and he has exhibited a consistently positive attitude. Thus, he appears to pose no identifiable risk to public safety and the Probation Office does not object to the defendant's motion. The government has indicated that it does not object to the defendant's motion.

The defendant pled guilty to conspiring to distribute and possession with intent to distribute marijuana, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B). On October 3, 2005, the defendant was sentenced to a term of imprisonment of 120 months and an eight-year term of supervised release [Doc. 193].

After considering the factors set forth 18 U.S.C. § 3553(a), the Court may terminate a term of supervised release and discharge the defendant after the expiration of one year of supervised release if the Court "is satisfied that such action is warranted by the conduct of

organization, the Midway Rehabilitation Center, and several local schools whose students benefit from his organization's programs.

The U.S. Probation Office reports that defendant began his term of supervised release on April 19, 2013, and he has now completed 50 months of a 96-month term of supervised release. The defendant has maintained a stable residence and employment throughout his term of supervision, he has paid all court-ordered financial obligations, and he has complied with all of the conditions of supervision. The Probation Office notes that defendant is the president of a non-profit organization that targets at-risk youth in the community and provides assistance in college preparation and being productive members in the community. The Probation Office notes that the defendant has a conviction for assault in 2002; however, the defendant has not had any non-compliance issues while on supervision and he has exhibited a consistently positive attitude. Thus, he appears to pose no identifiable risk to public safety and the Probation Office does not object to the defendant's motion. The government has indicated that it does not object to the defendant's motion.

The defendant pled guilty to conspiring to distribute and possession with intent to distribute marijuana, in violation of 21 U.S.C. §§ 846, 841(a)(1), and 841(b)(1)(B). On October 3, 2005, the defendant was sentenced to a term of imprisonment of 120 months and an eight-year term of supervised release [Doc. 193].

After considering the factors set forth 18 U.S.C. § 3553(a), the Court may terminate a term of supervised release and discharge the defendant after the expiration of one year of supervised release if the Court "is satisfied that such action is warranted by the conduct of

the defendant released and the interest of justice." 18 U.S.C. § 3583(e)(1). After carefully considering the requirements of the statute, the Court finds the relevant portions of 18 U.S.C. § 3553(a) support an early termination of defendant's supervised release. In support of this determination, the Court notes that defendant has completed over half of his term of supervised release; he has been in full compliance with the conditions of his supervision; and he maintains a stable residence and stable employment. In addition, his supervising probation officer and the government do not oppose the request. It appears to the Court that defendant has rehabilitated himself and he poses no threat to any individual or the community to reoffend. Accordingly, pursuant to 18 U.S.C. § 3583(e)(1), based on the defendant's conduct and the interests of justice, defendant's motion for early termination of supervised release [Doc.226] is **GRANTED.** Defendant's term of supervised release is **TERMINATED.**

    **IT IS SO ORDERED.**

                                                          s/ Thomas W. Phillips
                                       SENIOR UNITED STATES DISTRICT JUDGE